IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| XTREME MARINE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No._____ |
| | ) | |
| SAMSON SPORTS LLC, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Xtreme Marine Corporation, for its complaint against Defendant, Samson Sports LLC, states as follows:

### PARTIES

1. Plaintiff Xtreme Marine Corporation is a Delaware corporation with a principal place of business at 1752 Henry G. Lane Street, Maryville, Tennessee 37801.

2. Upon information and belief, Defendant Samson Sports LLC is a Washington limited liability company with a principal place of business at 4325 NW Lake Road, Camas, Washington 98607.

### JURISDICTION AND VENUE

3. This is an action for patent infringement. Accordingly, this Court has subject matter jurisdiction over the claims in this case pursuant to 28 USC §§ 1331 and 1338.

4. On information and belief, Defendant offers for sale and sells throughout the United States, including within this Judicial District and Division, towers for recreational wakeboarding tow boats. Upon further information and belief, these activities are carried out by this Defendant, *inter alia*, through an internet web site, sales through advertisements distributed throughout the United States and offers for sale at trade shows throughout the United States.

5. On information and belief, this Court has personal jurisdiction over the Defendant based on Defendant's contacts with this district and division including, but not limited to, Defendant's conducting business in this district and committing acts of infringement of the patents sued upon in this district by at least the use, sale, offering for sale, manufacture, assembly, and/or distribution of infringing products in, to, and/or into this district.

6. On information and belief, venue is proper in this district with regard to Defendant pursuant to 28 USC § 1391.

## NATURE OF THE ACTION

7. On May 22, 2007, Unites States Patent No. 7,219,617, entitled "Wake Tower and Method of Making Same," (the '617 Patent) was duly and legally issued by the United States Patent Office to Mr. Robert Metcalf ("Metcalf") as the sole and only inventor and owner thereof. A copy of the '617 patent is attached hereto as Exhibit A.

8. On January 17, 2006, Unites States Patent No. 6,986,321, entitled "Wake Tower and Method of Making Same," (the '321 Patent) was duly and legally issued by the United States Patent Office to Metcalf as the sole and only inventor and owner thereof. A copy of the '321 patent is attached hereto as Exhibit B.

9. On September 21, 2004, Unites States Patent No. 6,792,888, entitled "Wake Tower and Method of Making Same," (the '888 Patent) was duly and legally issued by the United States Patent Office to Metcalf as the sole and only inventor and owner thereof. A copy of the '888 patent is attached hereto as Exhibit C.

10. Metcalf has granted Plaintiff an exclusive license under the '617 Patent, the '321 Patent, and the '888 Patent (collectively the "Tower Patents") with the right to enforce the patents against infringement by others, including the right to bring suit for infringement of the patents, secure appropriate injunctive relief against further infringement thereof, and to seek and recover all available monetary relief for such infringements including damages, profits, attorney fees and expenses, and costs incurred as a result of having to bring suit to arrest infringing activity of others.

11. The Defendant does not have any license, authorization, consent, or permission from Plaintiff or any other party having any interest in or related to the Tower Patents to

manufacture, use, offer to sell, or sell any product embodying the subject matter of any claim of the Tower Patents, or to engage in any other activity that would, in the absence of any license, authorization, permission, or consent, infringe upon or in any way violate any right or interest of Plaintiff in or relating to the Tower Patents.

12. Defendant has been infringing and/or otherwise violating Plaintiff's rights with respect to one or more of the claims of the Tower Patents by, among other things, manufacturing, using, offering for sale, and/or selling in this district and elsewhere throughout the United States products which embody the subject matter of at least one claim of the Tower Patents, and will continue to do so unless and until enjoined by this Court. Such infringing products include the "Cobalt 200 Fold Down Arch." Photographs showing the "Cobalt" product are attached hereto as Exhibit D.

13. The infringing "Cobalt" product is currently offered for sale in this District at Travis Marine, located at 9312 Tedford Rd., Knoxville, Tennessee.

14. Defendant has, with full knowledge of the Tower Patents, commenced and/or continued infringement of and/or otherwise acted in violation of Plaintiff's rights with respect to one or more of the claims of the Tower Patents in willful disregard of Plaintiff's rights thereunder.

15. On information and belief, Defendant has, with full knowledge of the Tower Patents, actively induced others to infringe one or more claims of the Tower Patents. Also, with knowledge or reason to know of the Tower Patents, Defendant has contributed to the infringement thereof by, among other things, supplying one or more material components or parts of a combination which infringed or infringes upon at least one claim of the Tower Patents, knowing the same to be especially made or adapted for use in an infringement of the Tower Patents and not as a staple item of commerce suitable for substantial non-infringing uses.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,219,617

16. Plaintiff hereby restates the averments of the previous paragraphs as if fully set forth herein, and for its Count I states as follows:

17. Defendant has been and is now infringing and/or otherwise acting in violation of Plaintiff's rights with respect to the '617 Patent in violation of 35 U.S.C. § 271(a) by, among other

3

things, making, selling, offering to sell, and/or using in the United States, products covered by at least one of the claims of the '617 Patent.

18. Defendant has been and is now actively inducing infringement of at least one of the claims of the '617 Patent by others in violation of 35 U.S.C. §§ 271(b) and 271(f).

19. Defendant has been and is now contributing to infringement of at least one of the claims of the '617 Patent by others in violation of 35 U.S.C. § 271(c).

20. The acts of Defendant complained of herein have been and are now being done willfully with knowledge of, or reason to know, that they violate Plaintiff's rights under and related to the '617 Patent including, but not limited to, infringement of the '617 Patent.

21. The acts of Defendant complained of herein have caused and are presently causing irreparable harm, damage, and injury to Plaintiff for which Plaintiff has no adequate remedy at law, and such acts will continue to cause such irreparable harm, damage, and injury to Plaintiff unless and until the same are enjoined and restrained by this court.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,986,321

22. Plaintiff hereby restates the averments of the previous paragraphs as if fully set forth herein, and for its Count II states as follows:

23. Defendant has been and is now infringing and/or otherwise acting in violation of Plaintiff's rights with respect to the '321 Patent in violation of 35 U.S.C. § 271(a) by, among other things, making, selling, offering to sell, and/or using in the United States, products covered by at least one of the claims of the '321 Patent.

24. Defendant has been and is now actively inducing infringement of at least one of the claims of the '321 Patent by others in violation of 35 U.S.C. §§ 271(b) and 271(f).

25. Defendant has been and is now contributing to infringement of at least one of the claims of the '321 Patent by others in violation of 35 U.S.C. § 271(c).

26. The acts of Defendant complained of herein have been and are now being done willfully with knowledge of, or reason to know, that they violate Plaintiff's rights under and related to the '321 Patent including, but not limited to, infringement of the '321 Patent.

27. The acts of Defendant complained of herein have caused and are presently causing irreparable harm, damage, and injury to Plaintiff for which Plaintiff has no adequate remedy at law, and such acts will continue to cause such irreparable harm, damage, and injury to Plaintiff unless and until the same are enjoined and restrained by this court.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,792,888

28. Plaintiff hereby restates the averments of the previous paragraphs as if fully set forth herein, and for its Count III states as follows:

29. Defendant has been and is now infringing and/or otherwise acting in violation of Plaintiff's rights with respect to the '888 Patent in violation of 35 U.S.C. § 271(a) by, among other things, making, selling, offering to sell, and/or using in the United States, products covered by at least one of the claims of the '888 Patent.

30. Defendant has been and is now actively inducing infringement of at least one of the claims of the '888 Patent by others in violation of 35 U.S.C. §§ 271(b) and 271(f).

31. Defendant has been and is now contributing to infringement of at least one of the claims of the '888 Patent by others in violation of 35 U.S.C. § 271(c).

32. The acts of Defendant complained of herein have been and are now being done willfully with knowledge of, or reason to know, that they violate Plaintiff's rights under and related to the '888 Patent including, but not limited to, infringement of the '888 Patent.

33. The acts of Defendant complained of herein have caused and are presently causing irreparable harm, damage, and injury to Plaintiff for which Plaintiff has no adequate remedy at law, and such acts will continue to cause such irreparable harm, damage, and injury to Plaintiff unless and until the same are enjoined and restrained by this court.

WHEREFORE, Plaintiff prays for at least the following relief:

a. A preliminary and permanent injunction against the Defendant enjoining it from and against any and all further and/or continued infringement, contributory infringement, and active inducement of infringement of the claims of the Tower Patents.

b. An accounting for damages to Plaintiff resulting from Defendant's infringement, contributory infringement, active inducement of infringement, and any/all other compensable violations of Plaintiff's rights pertaining to the Tower Patents, together with a trebling of all such damages because of the knowing, willful and wanton nature of Defendant's conduct and the exceptional nature of this case pursuant to 35 U.S.C. § 285.

c. An assessment of interest on all damages.

d. That this Court award Plaintiff its attorneys' fees, costs and expenses in this action under 35 U.S.C. § 285.

e. Such other, further, and additional relief as this Court may deem reasonable and just.

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

XTREME MARINE CORPORATION

By: s/Michael J. Bradford
Michael J. Bradford, BPR #22689
LUEDEKA NEELY GROUP, P.C.
P.O. Box 1871
1871 Riverview Tower
Knoxville, TN 37901
Phone: (865) 546-4305
Fax: (865) 523-4478

ATTORNEYS FOR PLAINTIFF